**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

DEC 22 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ASTRID MAYARI MAZARIEGOS; et al., <br><br> Petitioners, <br><br> v. <br><br> PAMELA BONDI, Attorney General, <br><br> Respondent. | No. 25-3196 <br><br> Agency Nos. <br> A209-951-531 <br> A209-951-532 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 17, 2025[**]

Before:     PAEZ, CHRISTEN, and KOH, Circuit Judges.

Astrid Mayari Mazariegos and her child, natives and citizens of Guatemala,

petition pro se for review of the Board of Immigration Appeals' order dismissing

their appeal from an immigration judge's decision denying their applications for

asylum, withholding of removal, and protection under the Convention Against

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review de novo questions of law and constitutional claims. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We review for substantial evidence the agency's factual findings. *Arrey v. Barr*, 916 F.3d 1149, 1157 (9th Cir. 2019). We deny the petition for review.

Substantial evidence supports the agency's determination that petitioners failed to show they were or would be persecuted on account of a protected ground. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (an applicant's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground"); *see also Reyes v. Lynch*, 842 F.3d 1125, 1132 n.3 (9th Cir. 2016) (an applicant's burden includes "(1) demonstrating the existence of a cognizable particular social group, (2) his membership in that particular social group, and (3) a risk of persecution on account of his membership in the specified particular social group." (citations and internal quotation marks omitted)). Petitioners' asylum and withholding of removal claims therefore fail. *See Barajas-Romero v. Lynch*, 846 F.3d 351, 359-60 (9th Cir. 2017).

Substantial evidence also supports the agency's denial of CAT protection because petitioners failed to show it is more likely than not they will be tortured by or with the consent or acquiescence of the government if returned to Guatemala. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

25-3196

In light of this disposition, we need not reach petitioners' remaining contentions regarding the merits of their claims. *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004) (courts and agencies are not required to decide issues unnecessary to the results they reach).

Petitioners' claim that the agency violated due process fails because they have not shown error. *See Padilla-Martinez v. Holder*, 770 F.3d 825, 830 (9th Cir. 2014) ("To prevail on a due-process claim, a petitioner must demonstrate both a violation of rights and prejudice.").

The temporary stay of removal remains in effect until the mandate issues. The motion to stay removal is otherwise denied.

**PETITION FOR REVIEW DENIED.**